Clifton J. JACKSON, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S03–0403–CR–122.

Supreme Court of Indiana.

March 11, 2004.

Clifton J. Jackson, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 45A03–0305–CR–194.

DICKSON, Justice.

Defendant Clifton J. Jackson appeals from the denial of his motion to correct sentence, which alleged that the abstract of judgment did not properly credit his sentence with both time served and credit time. Applying the principles of *Robinson v. State*, 805 N.E.2d 783 (Ind.2004), we affirm the trial court. A motion to correct sentence may not be used to challenge entries or omissions in an abstract of judgment.

Following his guilty plea to robbery, a Class B felony, and two counts of attempted robbery, each as a class B felony, the trial court on March 20, 2001, sentenced the defendant to three concurrent terms of twenty years. The appellant's appendix does not contain the sentencing judgment or the abstract of judgment. The chronological case summary notation of the sentencing judgment includes only the following reference to credit for time served or credit time: "1132 cr days." The defendant filed a motion to correct sentence on April 3, 2003, with an accompanying memorandum, seeking "an amended abstract of judgment be forwarded to the Ind. Dept. of Correction, showing ... 2264 days." The trial court summarily denied the motion. The Court of Appeals reversed and remanded for a determination of credit

time. *Jackson v. State,* 799 N.E.2d 551 (Ind.Ct.App.2003). We grant the State's petition to transfer.

■ A motion to correct sentence is available only to correct sentencing errors clear from the face of the judgment, and is not available to challenge entries or omissions in an abstract of judgment. *Robinson,* 805 N.E.2d at 793–94. Because the defendant here challenged his abstract of judgment, not his sentencing judgment, the trial court did not err in denying the motion to correct sentence.

We further observe that both the State and the defendant agree that he was incarcerated 1132 days prior to sentencing, the same number noted in the chronological case summary's notation of "1132 cr days." If the actual sentencing judgment reports the number of days of confinement before sentencing, this "shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Id.* at 791–93.

Transfer is granted. We affirm the judgment of the trial court denying the defendant's motion to correct sentence.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.