**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**EDWIN D. CALLIGAN**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 29 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDWIN D. CALLIGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-CR-400 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy A. Davis, Judge
Cause No. 02D04-9901-CF-1

**February 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Edwin D. Calligan, *pro se*, appeals the trial court's denial of his motion to correct erroneous sentence. Calligan raises one issue which we revise and restate as whether the trial court erred by denying Calligan's motion to correct erroneous sentence. We affirm.

The relevant facts follow. On March 31, 1999, a jury found Calligan guilty of attempted murder, criminal recklessness as a class D felony, and resisting law enforcement as a class A misdemeanor. On April 26, 1999, the court sentenced Calligan to thirty years for attempted murder, one and one-half years for criminal recklessness as a class D felony, and one year for resisting law enforcement as a class A misdemeanor. The court ordered that the sentences be served consecutive to each other.

Calligan brought a direct appeal and argued that there was insufficient evidence, that the court erred in admitting evidence, and that he received ineffective assistance of counsel. This court affirmed Calligan's convictions. See Calligan v. State, No. 02A03-9905-CR-176, slip op. at 2 (Ind. Ct. App. March 20, 2000).

In 2000, Calligan filed a petition for post-conviction relief which was later amended in 2002. On August 31, 2004, the post-conviction court denied the petition. Calligan appealed, and this court affirmed the post-conviction court's judgment. Calligan v. State, No. 02A05-0412-PC-643, slip op. at 2 (Ind. Ct. App. July 26, 2005).

On June 13, 2011, Calligan filed a *pro se* motion to correct erroneous sentence. Calligan argued:

> The Court's Sentencing Order is erroneous on its face in the light of the statutory authority for the following reasons: (1) The shots fired, that resulted in the convictions for Count I (Attempted Murder) and Count II (Criminal Recklessness), were "simultaneous" or "contemporaneous," thus being closely connected in time, place, and circumstance, constituting a single episode of criminal conduct within the meaning of Ind. Code § 35-

2

50-1-2(b). Therefore, this Honorable Court should enter a new Sentencing Order, running Counts I and II concurrent, and (2) Because the Court imposed presumptive sentences on all Counts and found that there were no aggravating or mitigating factors, all three (3) Counts should have been run concurrent under Indiana law.

Appellant's Appendix at 23-24.

On July 26, 2011, the court denied Calligan's motion without a hearing and found that "the sentence imposed is **NOT** facially defective." Id. at 37. On July 30, 2011, Calligan filed an amended *pro se* motion to correct erroneous sentence. Calligan argued that the sentencing order was erroneous on its face "[b]ecause the Court imposed presumptive sentences on all Counts and found that there were no aggravating or mitigating factors, all three (3) Counts should have been run concurrent under Indiana law." Id. at 32-33.

On August 5, 2011, Calligan filed a notice of appeal of the court's July 26, 2011 order. On September 28, 2011, the court denied Calligan's amended motion. The court's order stated:

> The face of the judgment (a copy of which is attached hereto as Exhibit 1) says nothing about whether the Court did or did not find aggravating or mitigating circumstances; it simply displays a blank space after the words "That the following circumstances are aggravating/mitigating circumstances." Mr. Calligan wishes the blank space to be interpreted as equivalent to a definite statement such as "The Court finds that there are no aggravating or mitigating factors." Motion, at 2. The face of the judgment, however, is silent as to whether the Court actually found that there were no aggravating or mitigating factors, or simply made a mistake in failing to state on the face of the judgment what aggravating or mitigating factors the Court had found at sentencing.

Id. at 44. On October 10, 2011, Calligan filed a notice of appeal.

3

The issue is whether the trial court erred by denying Calligan's motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. Neff v. State, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In Robinson v. State, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." Neff, 888 N.E.2d at 1251. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. See Robinson, 805 N.E.2d at 787. Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." Id. "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the

4

sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." Id.

Calligan argues that his sentence is erroneous because "[s]ince there were no aggravating factors stated, all of his sentences should have been run concurrent under Indiana law." Appellant's Brief at 4. Calligan also argues that "there are no aggravating circumstances sufficient enough to warrant consecutive sentences and the record does not support consecutive sentences." Id. at 5. Calligan argues that "there are not multiple victims in the instant case," and he "did not physically harm the victim of the criminal recklessness charge." Id. Calligan contends that because no aggravating circumstances are specified in the sentencing order "there was no justification in ordering consecutive sentences after the Court imposed the presumptive sentence in all of [his] Counts." Id. at 6. Calligan also argues that the trial court's authority in imposing consecutive sentences was limited if the convictions were not crimes of violence and the convictions arose out of an episode of criminal conduct.[1]

---

[1] Calligan argues that "[a]t the time of [his] trial (March of 1999), Ind. Code § 35-50-1-2(c) (1995 Supp.) limited a court's authority in imposing consecutive sentences if the convictions were not 'crimes of violence' and the convictions 'arise out of an episode of criminal conduct.'" Appellant's Brief at 7. In 1999, Ind. Code § 35-50-1-2 provided:

(a)     As used in this section, "crime of violence" means:

    (1)     murder (IC 35-42-1-1);
    (2)     voluntary manslaughter (IC 35-42-1-3);
    (3)     involuntary manslaughter (IC 35-42-1-4);
    (4)     reckless homicide (IC 35-42-1-5);
    (5)     aggravated battery (IC 35-42-2-1.5);
    (6)     kidnapping (IC 35-42-3-2);
    (7)     rape (IC 35-42-4-1);
    (8)     criminal deviate conduct (IC 35-42-4-2);
    (9)     child molesting (IC 35-42-4-3);
    (10)    robbery as a Class A felony or a Class B felony (IC 35-42-5-1);

The State argues that Calligan's sentence is not facially erroneous. Specifically, the State argues that to review Calligan's arguments this court would need "to examine both the written sentencing order and the trial court's comments at the sentencing hearing, which are all beyond the face of the sentencing order, to determine whether the trial court adequately explained the reasons for the sentence." Appellee's Brief at 6.

With respect to Calligan's argument that the sentencing order failed to identify aggravating circumstances, we observe that the sentencing order states:

> The Court, having considered the written pre-sentence investigation report and having heard and considered evidence, now finds:
>
> 1. Defendant is guilty of Count I, Attempt [sic] Murder, a Class A felony; Count II, Criminal Recklessness, a Class D felony; Count III, Resisting Law Enforcement, a Class A Misdemeanor.

---

> (11)   burglary as a Class A felony or a Class B felony (IC 35-43-2-1); or
> (12)   causing death when operating a motor vehicle (IC 9-30-5-5).
>
> (b)   As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.
>
> (c)   Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35-38-1-7.1(b) and IC 35-38-1-7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
>
> * * * * *
>
> (e)   If a court determines under IC 35-50-2-11 that a person used a firearm in the commission of the offense for which the person was convicted, the term of imprisonment for the underlying offense and the additional term of imprisonment imposed under IC 35-50-2-11 must be served consecutively.

6

2. That the following circumstances are aggravating / mitigating circumstances:



IT IS THEREFORE ORDERED that the Defendant be committed to the Indiana Department of Corrections for classification and confinement for a period of 30 years on Count I; 1½ years on Count II and 1 year on Count III. Said sentences to run consecutive to each other.

Appellant's Appendix at 43. Based upon the court's order alone, we cannot say that the trial court did not find any aggravating circumstances. The Indiana Supreme Court has held that "[t]he approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court." McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007). The Court also held that we examine the oral statement "alongside the written sentencing statement to assess the conclusions of the trial court." Id. See also Corbett v. State, 764 N.E.2d 622, 631 (Ind. 2002) ("In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings."); Strong v. State, 538 N.E.2d 924, 929 (Ind. 1989) ("In addition to the discussion set forth in the separate sentencing order, this Court has reviewed the trial court's thoughtful comments at the conclusion of the sentencing hearing.").

Resolution of the issue necessarily requires consideration of factors outside of the face of the judgment. Specifically, to determine whether the trial court identified an aggravating circumstance to support the imposition of consecutive sentences, it is

necessary to examine the transcript from the sentencing hearing.[2]  To the extent that Calligan argues that his convictions were not crimes of violence and arose out of an episode of criminal conduct, it is necessary to determine whether Calligan's offenses were closely related in time, place, and circumstance and the specific facts underlying each count.  As noted above, a motion to correct erroneous sentence is "available only to correct sentencing errors clear from the face of the judgment."  Robinson, 805 N.E.2d at 794.  Thus, Calligan's argument is not properly presented by way of a motion to correct erroneous sentence.  As a result, we cannot say that the trial court abused its discretion by denying Calligan's motion.  See Jackson v. State, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment); Bauer v. State, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (noting that the defendant's claims required consideration of matters in the record outside the face of the judgment and accordingly they are not the types of claims that are properly presented in a motion to correct erroneous sentence), trans. denied.

For the foregoing reasons, we affirm the denial of Calligan's motion to correct erroneous sentence.

Affirmed.

MAY, J., and CRONE, J., concur.

---

[2] The record does not contain the transcript from the sentencing hearing.