**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**STEPHEN R. HARVEY, JR.**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Aug 14 2012, 9:22 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN R. HARVEY, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 92A03-1201-CR-21 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITLEY CIRCUIT COURT
The Honorable James R. Heuer, Judge
Cause No. 92C01-0308-FB-160

**August 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Stephen R. Harvey, Jr., *pro se,* appeals the trial court's denial of his motion to correct erroneous sentence. Harvey raises two issues which we consolidate and restate as whether the trial court erred by denying Harvey's motion to correct erroneous sentence. We affirm.

The relevant facts follow. On May 4, 2004, Harvey pled guilty to robbery and criminal confinement as class B felonies and admitted to being an habitual felony offender. During the guilty plea hearing, Harvey admitted to having two prior unrelated felony convictions, including burglary, for which he was sentenced on May 17, 1996, and theft, which he committed on May 23, 1996 and for which he was sentenced on December 13, 1996. The court accepted the plea agreement. On June 1, 2004, the court sentenced Harvey to an aggregate sentence of forty years.

In 2009, Harvey filed a petition for post-conviction relief alleging in part that his admission to being an habitual offender was invalid because he did not actually have a prior conviction for theft, which was denied. On appeal, this court recognized that Harvey admitted to a December 13, 1996 conviction for theft when, in fact, he was convicted only of fraud on that date,[1] but observed that Harvey failed to even claim that he was not an habitual offender, much less point to any evidence to that effect. Harvey v. State, No. 92A03-1008-PC-469, slip op. at 10 (Ind. Ct. App. April 7, 2011), trans. denied. The court also observed that Harvey admitted at his post-conviction hearing that he had, in fact, been convicted of fraud instead of theft on December 13, 1996. Id. The court held that "[t]hat fraud conviction, along with the unchallenged prior burglary conviction,

---

[1] Harvey was charged with theft as well as fraud; however the theft charge was dismissed.

provide the two necessary prior unrelated felony convictions," and that "Harvey's admission to being a habitual offender need not be set aside in this post-conviction proceeding." Id.

On December 19, 2011, Harvey filed a *pro se* motion to correct erroneous sentence alleging that the trial court "violated express statutory authority pursuant to I.C. 35-50-2-8(d)(2) when he sentenced Mr. Harvey on a prior unrelated felony that was dismissed on June 1, 2004." Appellant's Appendix at 4. Harvey also alleged that the trial court violated Ind. Code § 35-50-2-8(c)(1) when it did not prove that the "commission, conviction, and sentence on Mr. Harvey's first offense which is the Burglary, was in proper statutory sequence, and . . . the commission, conviction, and sentence on Mr. Harvey's second offense which is the Theft was in proper statutory sequence." Id. On December 28, 2011, the court denied Harvey's motion and found that the issues raised by Harvey were previously addressed in his post-conviction case.

The issue is whether the trial court erred by denying Harvey's motion to correct erroneous sentence. Harvey appears to argue that his sentence was erroneous because he was convicted of fraud as a class D felony and not theft in 1996. The State argues that Harvey's sentence is not erroneous on its face and that Harvey's claim is not appropriate in a motion to correct erroneous sentence. The State argues that Harvey waived the right to bring any direct challenge to the validity of his habitual offender adjudication by pleading guilty. Lastly, the State argues that Harvey's claim is barred because it was previously litigated adversely to him as he raised the exact same claim that he is raising in this motion in his petition for post-conviction relief.

We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. Neff v. State, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In Robinson v. State, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." Neff, 888 N.E.2d at 1251 (citing Robinson, 805 N.E.2d at 793-794). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. See Robinson, 805 N.E.2d at 787. Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." Id. "Use of the statutory motion to correct sentence should thus be narrowly confined to

4

claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." Id.

Resolution of the issue necessarily requires consideration of factors outside of the face of the judgment. Specifically, to address Harvey's claim would require a consideration of proceedings before or during Harvey's guilty plea hearing. Thus, Harvey's argument is not properly presented by way of a motion to correct erroneous sentence. As a result, we cannot say that the trial court abused its discretion by denying Harvey's motion. See Jackson v. State, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment); Bauer v. State, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (noting that the defendant's claims required consideration of matters in the record outside the face of the judgment and accordingly they are not the types of claims that are properly presented in a motion to correct erroneous sentence), trans. denied. Additionally, we note that Harvey's claim is the same claim raised in his petition for post-conviction relief and is barred by the doctrine of *res judicata*. See Conner v. State, 829 N.E.2d 21, 25 (Ind. 2005) (holding that to the extent the petitioner's present claim is the same as raised before, the claim was decided adverse to the petitioner and is barred by the doctrine of *res judicata*).

For the foregoing reasons, we affirm the denial of Harvey's motion to correct erroneous sentence.

Affirmed.

FRIEDLANDER, J., and DARDEN, Sr. J., concur.