## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 28 2015, 9:41 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Jon Holman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jon Holman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 28, 2015

Court of Appeals Cause No.
48A04-1407-CR-302

Appeal from the Madison Circuit
Court

The Honorable Dennis D. Carroll,
Judge

Cause No. 48D03-0812-FB-407
Cause No. 48D03-0901-FC-19

**Brown, Judge.**

[1] Jon Holman, *pro se*, appeals the trial court's denial of his motion to correct erroneous sentence. Holman raises one issue which we revise and restate as whether the trial court erred in denying his motion to correct erroneous sentence. We affirm.

### Facts and Procedural History

[2] The facts of Holman's underlying crimes were discussed in Holman's direct appeal as follows:

> On October 2, 2008, Holman broke into Hoppes Refrigeration business in Anderson, Indiana. Holman and Tom Bell removed a safe containing $1,100 from the business. On December 14, 2008, Holman and Anthony Keppler broke into Hoppes Refrigeration business and used a blow torch to try to open a safe. While using the blow torch, they started a fire, which burned the building to the ground. Police officers searched Holman's house and found a crack pipe and a syringe, which Holman indicated was for injecting morphine. The officers also discovered clothing that had a strong odor of smoke. A dog trained and used in arson investigations alerted to the presence of an accelerant on Holman's clothing.

*Holman v. State*, No.48A05-1008-CR-499, slip op. at 2 (Ind. Ct. App. April 27, 2011).

[3] On December 15, 2008, the State charged Holman under Cause No. 48D03-0812-FB-407 ("Cause No. 407") with Count I, arson as a class B felony; Count II, burglary as a class C felony; Count III, unlawful possession of a syringe as a class D felony; and Count IV, possession of paraphernalia as a class A infraction. On January 9, 2009, the State charged Holman under Cause No.

48D03-0901-FC-19 ("Cause No. 19") with Count I, burglary as a class C felony; and Count II, theft as a class D felony.

[4] On May 11, 2009, Holman and the State entered into a plea agreement in both causes in which Holman agreed to plead guilty as charged in Cause No. 407 and to plead guilty to an amended charge of receiving stolen property in Cause No. 19; the State agreed to dismiss the burglary charge in Cause No. 19; and the parties agreed that Holman's aggregate sentence would be "open to the Court with a cap of fifteen (15) years executed." Appellant's Appendix at 105.[1] That same day, the trial court accepted Holman's guilty plea pursuant to this agreement and ordered the preparation of a presentence investigation report ("PSI"). On May 27, 2009, the court held a sentencing hearing and heard evidence, and it rejected the plea agreement and set the matter for a jury trial. In September 2009, Holman moved for recusal of the presiding trial judge, the court granted Holman's motion, and a special judge was appointed and assumed jurisdiction.

---

[1] Holman provided an appendix prepared for this appeal and filed on August 11, 2014, as well as a two-volume appendix which had been prepared for his 2011 direct appeal. Where we cite to the "Appellant's Appendix" in this appeal, we refer to the volume filed on August 11, 2014.

On November 23, 2009, Holman and the State entered into a second plea agreement in which Holman agreed to plead guilty as charged under both cause numbers, and the State agreed that it would recommend that Holman's sentence for all counts be served concurrently and that sentencing would otherwise be open to the trial court's discretion. The court accepted Holman's guilty pleas and set the matter for sentencing. On December 14, 2009, the court sentenced Holman to twenty years executed for arson as a class B felony and imposed concurrent sentences for the remaining counts. On direct appeal, Holman raised the sole issue of whether his sentence was inappropriate, and this Court issued a memorandum decision affirming the trial court. *Holman*, slip op. at 4.

On May 13, 2014, Holman filed a Petition to Correct Erroneous Sentence under both cause numbers and a memorandum of law in support of the petition alleging that the trial court erroneously rejected the first plea agreement dated May 11, 2009. On June 4, 2014, the State filed a response. On June 13, 2014, the court denied Holman's motion by docket entry on the chronological case summary ("CCS") in both cause numbers, stating specifically that such relief "is available only when an error is plain on the face of a Sentencing Order and/or Abstract" which was not the case and that "[n]otwithstanding the limitations for relief . . . it is clear . . . that error, if any, was invited by the conduct of [Holman] and his counsel." Appellant's Appendix at 9, 15.

### *Discussion*

[7] The issue is whether the trial court erred in denying Holman's motion to correct erroneous sentence. Holman argues that he "is entitled to relief by vacating the instant plea agreement dated November 23, 2009, and be resentenced according to the original plea agreement dated May 11, 2009, citing specific performance of his first plea agreement." Appellant's Brief at 6. He maintains that the court accepted the original plea agreement and is accordingly bound by its terms, noting specifically that upon accepting Holman's plea of guilty, "[t]he counts under [Cause No. 19] were then amended by the Court according to the plea agreement." *Id.* at 7. The State argues that Holman does not demonstrate any facial error to his sentence, noting that his "assertion that the trial court committed procedural error in subsequently rejecting the May 11, 2009 plea agreement requires reference to matters outside the judgment of conviction." Appellee's Brief at 6. The State also asserts that the cases cited by Holman in his brief do not concern appeals from the denial of a motion to correct erroneous sentence and are therefore inapplicable.

[8] We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[9] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10] In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.*

[11] Resolution of the issue presented by Holman in this case necessarily requires consideration of factors outside of the face of the judgment. Specifically, to

address Holman's claim would require a consideration of proceedings before, during, or after Holman's guilty plea hearings. Thus, Holman's argument is not properly presented by way of a motion to correct erroneous sentence. We cannot say that the trial court abused its discretion by denying Holman's motion. *See Jackson v. State*, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment); *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (noting that the defendant's claims required consideration of matters in the record outside the face of the judgment and accordingly they are not the types of claims that are properly presented in a motion to correct erroneous sentence), *trans. denied*.

## Conclusion

[12]     For the foregoing reasons, we affirm the denial of Holman's motion to correct erroneous sentence.

[13]     Affirmed.

Bailey, J., and Robb, J., concur.