## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2015, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Carl Johnson
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl Johnson, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | October 30, 2015 <br><br> Court of Appeals Case No. <br> 49A05-1505-PC-477 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark D. Stoner, Judge. <br><br> Trial Court Cause No. <br> 49G06-9705-CF-72833 |

**Brown, Judge.**

[1] Carl Johnson appeals the trial court's denial of his motion to correct erroneous sentence. Johnson raises one issue which we revise and restate as whether the trial court erred in denying his motion. We affirm.[1]

*Facts and Procedural History*

[2] On July 24, 1998, the trial court sentenced Johnson to one year each for two counts of resisting law enforcement as class A misdemeanors and four years for carrying a handgun without a license as a class C felony. The court ordered that the sentences be served concurrently and that Johnson serve at least a portion of his sentence on work release.[2]

[3] On June 30, 2000, the court modified Johnson's sentence as to placement only due to a violation of work release, ordered that he serve the balance of his sentence at the Department of Correction, and noted that the number of days confined prior to sentencing was 222 days. According to an Offender Evaluation and Progress Report for Community Transition Program dated July 17, 2001, Johnson began serving his sentence on the underlying cause in July 2000 after his completion of a sentence in another cause.

---

[1] The Appellant's Appendix is not chronologically paginated. Ind. Appellate Rule 51(C) provides that "[a]ll pages of the Appendix shall be numbered at the bottom consecutively . . . ." The Appellant's Appendix does not contain a complete chronological case summary. *See* Ind. Appellate Rule 50(B) (providing that the Appellant's Appendix shall contain "the Clerk's Record, including the chronological case summary . . . .").

[2] The record does not contain a copy of the court's July 24, 1998 sentencing order or abstract of judgment.

[4]     In a document dated February 16, 2015 titled Offender Grievance, Johnson argued:

> I was sentenced in July 1998 to 4 years by Marion County Court 6.  Due to a change in my placement from work release to the Dept. of Corrections, Court 6 modified my sentence (which states on the abstract of Judgment) that it's for "placement ONLY."  Well, the D.O.C. modified my sentence illegally.  The Court 6 resentenced me on 6-30-00 with 222 days credit, which made my earliest release date 11-20-01.  D.O.C. changed it to be modified as ("Date of Sentence 7-15-00)."  This new D.S. made my out-date (15) days late releasing me on 12/5/01."

Appellant's Appendix at 14.

[5]     At some point, Johnson filed a motion regarding his sentence.[3]  On March 13, 2015, the court denied the motion.  Specifically, the court's order states:

> The Court has reviewed [Johnson's] Motion to Correct Erroneous Sentence, which in reality is a Motion for Jail Time Credit.  The Court hereby DENIES the motion and notes:
>
> 1.  The Court correctly noted the actual number of days [Johnson] served incarcerated prior to sentencing in its sentencing abstract.  The Department of Correction is obligated to give the defendant two-for-one credit time unless the court specifically directs otherwise in the sentencing abstract.  Neff v. State[,] 888 N.E[.]2d 1249 (Ind. 2008)[;] Robinson v. State, 805 N.E.2d 783 (Ind. 2004).

---

[3] The record does not contain a copy of the motion.

2.  If the Department of Correction has fulfilled its obligation, [Johnson] has already received the credit time he seeks from the court with this motion.

Appellant's Brief at 8.  On March 31, 2015, Johnson filed a motion to correct error.  On May 15, 2015, he filed a notice of appeal.

## *Discussion*

[6] The issue is whether the trial court erred in denying Johnson's motion to correct erroneous sentence.  Johnson argues that the trial court owes him fifteen days of jail credit time.  He asserts that his illegal sentence is not moot even though he has served it because a trial court under another cause number used his convictions to enhance a sentence under Indiana's habitual offender statute.  He concludes that he should have served only 508 days but served 523 days.

[7] The State argues Johnson's claim would require this court to look beyond the original abstract of judgment, which Johnson did not include in his appendix, and beyond the abstract of judgment of any sentence modification to determine whether the Department of Correction was correct to start Johnson's modified sentence on July 15, 2000, instead of June 30, 2000.  The State also points out that Johnson completed his sentence more than a decade ago, and that, to the extent Johnson has been sentenced as an habitual offender in a subsequent case

based upon one of the convictions in this case, the finding of a sentencing error does not invalidate the conviction.[4]

[8]     We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[9]     An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10]    In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its

---

[4] The State also argues in its brief filed on July 28, 2015, that we should dismiss this appeal because Johnson's notice of appeal was filed sixty-three days after the trial court's denial of his motion to correct erroneous sentence. Subsequent to the filing of the State's brief, Johnson filed a Verified Motion to Accept Appeal as Timely in which he argued that he filed a motion to correct error on March 31, 2015, and for the first time attached a portion of the chronological case summary supporting the assertion. Given that Johnson filed a timely motion to correct error and timely appealed from the deemed denial of his motion, we do not dismiss the appeal.

face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.*

[11] As noted, the record does not contain a copy of the court's July 24, 1998 sentencing order or abstract of judgment. Nonetheless, we can say that resolution of the issue presented by Johnson necessarily requires consideration of factors outside of the face of the judgment. Johnson bases his argument on a number of documents other than the judgment. Specifically, he cites to a document indicating when he allegedly escaped and another document indicating when he was arrested. He also asserts that "[h]e should have been given 237 days credit time, or at least there should have been some form of correction by the trial court based on Exhibits (Page 3 of Exhibit H), which

clearly shown." Appellant's Brief at 3. To the extent that Johnson cites to page three of Exhibit H, we observe that the record does not contain an exhibits folder and the Appellant's Appendix contains a document titled Exhibit H which appears to be a sentencing printout and is listed in the table of contents of the Appendix as "D.O.C. Sentence DataBase Info," but the document consists of only one page. Appellant's Appendix at i. To address Johnson's claim would require a consideration of proceedings before, during, or after his sentencing. Thus, his argument is not properly presented by way of a motion to correct erroneous sentence.[5] We cannot say that the trial court abused its discretion by denying his motion.[6] *See Jackson v. State*, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment); *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (noting that the defendant's claims required consideration of matters in the record outside

[5] We also observe that Johnson concedes that his sentence has been completed. We note that the Indiana Supreme Court has held that "[o]nce 'sentence has been served, the issue of the validity of the sentence is rendered moot.'" *Lee v. State*, 816 N.E.2d 35, 40, n.2 (Ind. 2004) (quoting *Irwin v. State*, 744 N.E.2d 565, 568 (Ind. Ct. App. 2001) (quotation omitted)).

[6] As noted, sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Robinson*, 805 N.E.2d at 787. We observe that the portion of the chronological case summary attached to Johnson's Verified Motion to Accept Appeal as Timely indicates that he filed a Verified Motion for Continuance of Post-Conviction Evidentiary Hearing on April 16, 2015, and that the trial court granted the motion and scheduled a hearing on a petition for post-conviction relief for November 12, 2015. We cannot say that any petition for post-conviction relief impacts this case as Johnson does not include any such petition in this appeal, his notice of appeal indicates that the order being appealed is the order denying his motion to correct erroneous sentence, and his brief states that the issue is whether the trial court "abused its authority ruling against [his] 'Motion to Correct Erroneous Sentence/Motion to Correct Errors." Appellant's Brief at 1.

the face of the judgment and accordingly they are not the types of claims that are properly presented in a motion to correct erroneous sentence), *trans. denied*.

## *Conclusion*

[12] For the foregoing reasons, we affirm the denial of Johnson's motion to correct erroneous sentence.

[13] Affirmed.

Altice, J., concurs.

Riley, J., concurs in result without opinion.