**Roscoe C. FRY II, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 30A01–1005–CR–244.

Court of Appeals of Indiana.

Dec. 30, 2010.

Roscoe C. Fry II, Bunker Hill, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney

General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Roscoe C. Fry II, *pro se,* appeals the trial court's denial of his motion to correct erroneous sentence. Fry raises two issues, which we revise and restate as whether the court erred in denying Fry's motion. The State raises the issue of whether Fry's appeal is moot. We reverse and remand.

The relevant facts follow. On July 16, 2002, the State charged Fry with battery. On August 5, 2004, Fry pled guilty to battery as a class B misdemeanor, and the court imposed a sentence of 180 days, thirty days of which to be executed in the Hancock County Jail, with credit for time served, 150 days suspended, and 365 days probation.[1] The court ordered that the sentence be served consecutive to a sentence Fry received in Henry County.

On April 8, 2005, the State filed a probation violation report. On April 11, 2005, the court found probable cause to believe Fry violated his probation and issued a warrant for Fry's arrest. On November 16, 2005, the State filed another probation violation report. On November 17, 2005, the court found probable cause to believe Fry violated his probation and issued an arrest warrant, which was reissued on November 21, 2005. The record does not reveal further action on the warrant.

On February 8, 2010, Fry filed a motion to correct erroneous sentence and argued that his sentence violated the statutory maximum sentence for a class B misdemeanor. The court denied Fry's motion that same day and a chronological case entry states in part: "The court notes that in denying the defendant's motion to correct erroneous sentence that it is the law of the State of Indiana that the defendant can be placed on probation for 1 year for any misdemeanor offense regardless of the statory [sic] maximum penality [sic] for that offense." Appellant's Appendix at 31.

■ ■ We initially address the issue raised by the State of whether Fry's appeal is moot. "When we cannot provide relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result." *Jones v. State,* 847 N.E.2d 190, 200 (Ind. Ct.App.2006) (internal quotation marks and citation omitted), *reh'g denied, trans. denied.* Once the "sentence has been served, the issue of the validity of the sentence is rendered moot." *Lee v. State,* 816 N.E.2d 35, 40 n. 2 (Ind.2004) (citing *Irwin v. State,* 744 N.E.2d 565, 568 (Ind. Ct.App.2001)).

The State argues that "[n]othing in either the record or Fry's brief indicates that he is still serving either his one hundred fifty days suspended, or his one year's probation, or that he was in [jail] February, 2010, when he moved to correct that sentence that the court ordered in November, 2004." Appellee's Brief at 3. Fry argues that "there is no reason to believe that [he] has completed the erroneous one (1) year probation (as the State claims in it's [sic] argument) due to [Fry's] continuous incarceration since 2005" and that he "would not waste this court's valuable time and resources if the sentence had been fully served." Appellant's Reply Brief at 3–4.

---

1. A CCS entry dated August 5, 2004, states: "Defendant is sentenced to 180 days ..., 150 days suspended, with credit for time served. 365 days formal probation." Appellant's Appendix at 30.

The record shows that Fry was sentenced on August 5, 2004 to a term of 180 days, thirty days executed and 150 days suspended, and placed on probation for 365 days. The record also shows that Fry testified that he was convicted in Henry County of receiving stolen property, which appears to be the conviction referenced by the court when it ordered that Fry's sentence run consecutive to the sentence in Henry County.[2] We note that the offense of receiving stolen property can be a class C felony under certain circumstances.[3] *See* Ind.Code § 35–43–4–2. If Fry's conviction in Henry County was a class C felony, Fry could have received a maximum sentence of eight years. Because Fry's sentence and probation in this case were ordered to be served consecutive to the Henry County sentence, it is possible that Fry has not yet completed his sentence in this case. The State does not point to the record to show that Fry's executed or suspended sentence has been served or that the 365 days of probation ordered in 2004 have been completed.

Further, while the State argues that the record does not indicate Fry is still serving his sentence or probation, the State did not argue in the proceedings below that Fry's motion to correct erroneous sentence was moot and Fry did not have an opportunity to develop the record to show he had not completed his sentence or that he was still serving probation in connection with this case. In sum, while this appeal may be moot because Fry has served his sentence and his probation, we cannot confirm such a determination and decline to dismiss upon that basis.

■ We next address the issue of whether the court erred in denying Fry's motion to correct erroneous sentence. When we review the court's decision on a motion to correct erroneous sentence, we "defer to the trial court's factual finding" and review its decision "only for abuse of discretion." *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000), *reh'g denied, abrogated on other grounds by Beattie v. State,* 924 N.E.2d 643 (Ind.2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Myers v. State,* 718 N.E.2d 783, 789 (Ind. Ct.App.1999). However, we will "review a trial court's legal conclusions under a *de novo* standard of review." *Mitchell,* 726 N.E.2d at 1243.

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind.Code § 35–38–1–15. *Neff v. State,* 888 N.E.2d 1249, 1250–1251 (Ind.2008). Ind.Code § 35–38–1–15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In *Robinson v. State,* the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind.2004) (ci-

---

**2.** The record reveals the following exchange occurred during the sentencing hearing:

BY THE COURT: Sir, what is the conviction that you have over in Henry County?
BY MR. FRY: Receiving stolen property.

Transcript at 10. The record also reveals that Fry had been convicted of battery in Henry County.

**3.** The record does not reveal the sentence Fry received in Henry County.

tations omitted). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *See id.* at 787. Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied. . . ." *Id.*

Fry argues that his sentence is illegal and cites to Ind.Code § 35–50–3–1. Ind. Code § 35–50–3–1(b) provides in part:

> [W]henever the court suspends in whole or in part a sentence for a Class A, Class B, or Class C misdemeanor, it may place the person on probation under IC 35–38–2 for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.

*See also Smith v. State,* 621 N.E.2d 325, 326 (Ind.1993) (holding that a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor).

Here, Fry directs us to the court's Order of Probation dated August 5, 2004, which was the date he was sentenced. This order provides in part:

> The Court has found Defendant guilty of the offense of Battery, as a class B Misdemeanor, with an imposed sentence of one hundred and eighty (180) days . . . . [O]ne hundred fifty (150) days sentence for Battery, as a Class B Misdemeanor, shall be suspended with credit for time served. The Defendant is placed on Probation for a period of three hundred and sixty-five (365) days.

Appellant's Appendix at 48.

We note that the face of the judgment indicates that the court imposed an executed sentence of thirty days. The judgment also indicates that Fry was placed on probation for 365 days. We can safely say that the 365 days of probation necessarily included the 150–day portion of Fry's sentence which was suspended. However, it is not clear from the face of the judgment that the 365 days of probation necessarily included the thirty-day executed portion of Fry's sentence. Indeed, typically sentencing courts order the probationary phase of a defendant's penalty to commence when the defendant completes the executed portion of his or her sentence and begins the suspended portion of his or her sentence. *See Merchant v. State,* 926 N.E.2d 1058, 1061 (Ind.Ct.App.2010) (noting that the defendant was sentenced on one count to eight years with two years suspended to probation); *Ferrill v. State,* 904 N.E.2d 323, 324 (Ind.Ct.App.2009) (noting that the trial court stated that following completion of the executed portion of the sentence, the defendant would be placed on probation); *Kinnon v. State,* 908 N.E.2d 666, 668 (Ind.Ct.App.2009) (noting that the defendant was sentenced to one year of which three months was suspended to probation).[4] The judgment in this case does

---

4. We acknowledge that Ind.Code § 35–38–2–3(g) provides that a trial court may revoke probation at any time before the termination of the probationary period and that this provision has been interpreted to allow the trial court to revoke probation "before a defendant has completed serving his sentence or to revoke probation before the defendant enters the probationary phases of his sentence." *Ashley v. State,* 717 N.E.2d 927, 928 (Ind.Ct.

not show that the entire term of Fry's imprisonment—the executed portion of his sentence—was served during the probationary phase.

Based upon the judgment of the court as set forth in the August 5, 2004 order, including the statements regarding Fry's credit time and executed sentence, we conclude that the combined term of Fry's imprisonment and probation exceeds one year in violation of Ind.Code § 35–50–3–1(b). *See Copeland v. State,* 802 N.E.2d 969, 972 (Ind.Ct.App.2004) (holding that by adding the 180–day term of probation to the defendant's 365–day Class A misdemeanor sentence, the trial court erred); *Beck v. State,* 790 N.E.2d 520, 522–523 (Ind.Ct.App.2003) (holding that the court caused the defendant to serve more than one year of combined imprisonment and probation where the court sentenced the defendant to 365 days imprisonment with 351 days suspended and credit for seven days actually served prior to trial and placed the defendant on probation for 365 days, and remanding to the trial court for a determination of the probation period not to exceed 351 days). Accordingly, we reverse and remand to the trial court with instructions to determine whether Fry has completed his sentence and probation and, if not, to clarify or modify Fry's sentence as necessary so that the combined term of

the executed portion of Fry's sentence, including any time served prior to the date of the sentencing order, and his probation do not exceed one year.[5]

For the foregoing reasons, we reverse the court's denial of Fry's motion to correct erroneous sentence and remand with instructions.

Reversed and remanded.

RILEY, J., and ROBB, J., concur.

App.1999) (citation omitted), *reh'g denied.* However, the fact that a court may revoke probation "before the defendant enters the probationary phases of his sentence" does not mean that the probationary phase necessarily begins on the date of sentencing in all cases. *See Johnson v. State,* 606 N.E.2d 881 (Ind.Ct. App.1993) (holding that the defendant's probation was properly revoked for a violation occurring while he was incarcerated and *before* the defendant had entered the probationary phase of his sentence); *see also Ashba v. State,* 580 N.E.2d 244, 245 (Ind.1991) (affirming decision of court of appeals holding that a defendant who was on parole, *but not yet on probation,* can violate his probation prospec-

tively), *cert. denied,* 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428 (1992).

5. Fry also argues that he was denied the right to be represented by counsel at his sentencing hearing. However, as this case is before us on an appeal from the denial of a motion to correct erroneous sentence, we need not address this argument. *See Bauer v. State,* 875 N.E.2d 744, 746 (Ind.Ct.App.2007) (noting that the petitioner's claims required consideration of matters in the record outside the face of the judgment and accordingly they are not the types of claims that are properly presented in a motion to correct erroneous sentence), *trans. denied.*