**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.**

APPELLANT PRO SE:

**CHARLES BLAKEMORE**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Sep 05 2012, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES BLAKEMORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-CR-77 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 86012067

**September 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Charles Blakemore appeals the trial court's denial of his motion to correct erroneous sentence. Blakemore raises one issue on appeal, which we restate as whether the trial court abused its discretion by denying his motion. Concluding that Blakemore claimed errors that were not facially apparent from the judgment and that the trial court therefore did not abuse its discretion in denying the motion, we affirm.

## Facts and Procedural History

In 1986, Blakemore was sentenced to twenty years for robbery, a Class B felony, and fifty years each for rape, criminal deviate conduct, and three counts of kidnapping, all Class A felonies. In 1994, he was re-sentenced to forty-five years for each of the Class A felonies.[1] In 2011, Blakemore filed a pro se motion to correct erroneous sentence. In his motion Blakemore claimed that at the re-sentencing, the trial court considered improper aggravating circumstances and erroneously sentenced him to a longer sentence than was given to his co-defendant. The trial court denied the motion, and Blakemore now appeals pro se.

## Discussion and Decision

We review a trial court's decision on a motion to correct erroneous sentence only for abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id.

---

[1] The robbery charge sentence remained unchanged at twenty years.

A criminal defendant who believes he or she has been erroneously sentenced may file a motion to correct sentence pursuant to Indiana Code section 35-38-1-15.[2] However, the Indiana Supreme Court has held that a motion to correct sentence may properly be used only "to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). The court further stated that the motion to correct sentence is an improper remedy for any sentencing claims that are not facially apparent; such claims may be raised only on direct appeal, and by post-conviction proceedings where appropriate. Id. When a motion to correct erroneous sentence is filed in a county that does not issue judgments of conviction, such as Marion County where Blakemore was sentenced, then the trial court's abstract of judgment is an appropriate substitute for purposes of the claim. Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008).

In the present case, Blakemore claimed in his motion to correct erroneous sentence that the trial court considered improper aggravating factors in sentencing him beyond the presumptive thirty-year sentence for a Class A felony, and that the trial court erred in giving Blakemore a longer sentence than it gave his co-defendant. Blakemore's sentence is not facially erroneous. His sentence was within the statutory range for a Class A

---

[2] If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.
Ind. Code § 35-38-1-15.

felony,[3] and investigating his claims would require the court to go beyond the abstract of judgment. For this reason, the trial court did not abuse its discretion when it denied Blakemore's motion to correct erroneous sentence.

## Conclusion

The trial court properly denied Blakemore's motion to correct erroneous sentence. Affirmed.

BAKER, J., and BRADFORD, J., concur.

---

[3] "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years…" Ind. Code § 35-50-2-4. The statute had wording to the same effect in 1994 when Blakemore was re-sentenced.

4