**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KEVIN GOVAN**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN GOVAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1302-CR-60 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-0411-FB-196

**July 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Kevin Govan, pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Govan raises one consolidated issue on appeal, which we restate as whether the trial court abused its discretion by denying his motion. Concluding that Govan claimed errors that were not facially apparent from the judgment and that the trial court therefore did not abuse its discretion in denying the motion, we affirm.

## Facts and Procedural History

On June 24, 2005, the trial court sentenced Govan to fifteen years on count I, criminal confinement as a Class B felony, with an additional five years in part 2 for use of a firearm; fifteen years on count II, criminal confinement as a Class B felony, with an additional five years in part 2 for use of a firearm; fifteen years on count III, unlawful possession of a firearm by a serious violent felon as a Class B felony; and two years on count IV, theft as a Class D felony. For the enhancements in the second parts of counts I and II, the court found that Govan had committed offenses in those counts while using a firearm, in violation of Indiana Code section 35-50-2-11. The court ordered the sentences in counts I and II to run consecutively, and the sentences in counts III and IV to run concurrently, for an aggregate sentence of forty years imprisonment. On January 17, 2013, Govan filed a motion to correct erroneous sentence. On January 31, 2013, the trial court denied Govan's motion without a hearing. This appeal followed.[1]

---

[1] We note that Govan did not include an appendix with his appeal. Because of the limited scope of a motion to correct erroneous sentence, and because the judgment of conviction was attached to Govan's brief, we will address his claims. We also note that Govan's motion to correct erroneous sentence is therefore absent from our record. While claims not raised below may not be raised for the first time on appeal, because of our resolution of Govan's issue, we assume that Govan's claims here were raised with the trial court in his motion. See Emerson v. State, 812 N.E.2d 1090, 1098-99 (Ind. Ct. App. 2004) ("Issues not raised in a petition for post-conviction relief may not be raised for the first time on appeal."); see also Govan v. State, 969 N.E.2d 634, No. 02D04–0411–FB–

I.  Standard of Review

We review a trial court's decision on a motion to correct erroneous sentence only for abuse of discretion.  Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010).  An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it.  Id.

II.  Motion to Correct Erroneous Sentence

A criminal defendant who believes he or she has been erroneously sentenced may file a motion to correct sentence pursuant to Indiana Code section 35-38-1-15.  However, the Indiana Supreme Court has held that a motion to correct sentence may properly be used only "to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority.  Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence."  Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004).  The court further stated that the motion to correct sentence is an improper remedy for any sentencing claims that are not facially apparent; such claims may be raised only on direct appeal, and by post-conviction proceedings where appropriate.  Id.

Govan first argues that the court erred when sentencing him to an aggregate of forty years, because Indiana Code section 35-50-1-2(c) caps consecutive terms of imprisonment at the advisory sentence for a felony one class higher than the most serious felonies of which the defendant was convicted.  Here, Govan's most serious felony was a

---

196 (Ind. Ct. App. June 22, 2012) (Govan has been made aware of this in a previous appeal from a motion to correct erroneous sentence), trans. denied.

Class B felony, and the advisory sentence for the next higher class of felony, Class A, is thirty years. Ind. Code § 35-50-2-4. However, Indiana Code section 35-50-1-2(c) only imposes this cap for convictions arising out of an episode of criminal conduct and for crimes that are not defined as crimes of violence. An "episode of criminal conduct" is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b).

Govan claims that his crimes all arose out of an episode of criminal conduct, and appears to assume this based on the fact that he was sentenced under a single cause number with multiple counts. However, that is not the test for whether crimes fit the definition of an episode of criminal conduct. See, e.g., Reeves v. State, 953 N.E.2d 665, 671 (Ind. Ct. App. 2011) ("Separate offenses are not part of a single 'episode of criminal conduct' when a full account of each crime can be given without referring to the other offenses." (citation omitted)), trans. denied; Gootee v. State, 942 N.E.2d 111, 114-15 (Ind. Ct. App. 2011) (holding that the appellant's offenses did not constitute an episode of criminal conduct even though some of the incidents occurred within minutes of each other at the same location), trans. denied.[2] Because a determination of whether Govan's crimes were part of an episode of criminal conduct cannot be made without a consideration of the record, there is no facially apparent error in Govan's forty year aggregate sentence.

Govan also argues that the court wrongly sentenced him to additional fixed terms of imprisonment of five years on each of counts I and II, under Indiana Code section 35-

---

[2] For Govan's edification, we note that each of these cited cases had a single cause number and multiple charged counts in the lower court, as is standard.

50-2-11. Whether Govan met the requirements of that code section is also not something that is apparent on the face of the judgment of conviction.[3]

Conclusion

Concluding that the trial court did not abuse its discretion when it denied Govan's motion to correct erroneous sentence, we affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.

---

[3] To the extent that Govan argues that the judgment of conviction indicates that the judge, rather than a jury, found that the elements of the statute were met, Govan appears to read too much into the judgment of conviction. The judgment of conviction notes that the "Court finds defendant committed offenses . . . in violation of IC 35-50-2-11." Brief of Appellant at 11. However, a reference to the "court" here does not imply that the judge improperly played a role reserved for the jury. Relevantly, we note that the boilerplate wording of the fill-in-the-blank judgment of conviction form used here states that the defendant was found guilty following a jury trial, and then goes on to state that the <u>court</u> considered the evidence and found defendant guilty. There is no facially apparent error in the judgment of conviction here.