**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 26 2014, 6:06 am

_Kevin S. Smith_

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DENNIS POWERS**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS POWERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 61A04-1307-CR-356 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PARKE CIRCUIT COURT
The Honorable Sam A. Swaim, Judge
Cause No. 61C01-9309-CF-107

**February 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Dennis Powers, *pro se*, appeals the trial court's denial of his motion to correct erroneous sentence. Powers raises two issues which we consolidate and restate as whether the trial court erred by denying his motion to correct erroneous sentence. We affirm.

FACTS AND PROCEDURAL HISTORY

On March 24, 1994, the court sentenced Powers to twenty years for escape resulting in bodily injury as a class B felony and a consecutive sentence of fifty years for kidnapping as a class A felony. Powers pursued a direct appeal, and this court affirmed his convictions and sentence. Powers also pursued post-conviction relief, and the post-conviction court denied relief. Powers pursued an appeal of the denial of his petition for post-conviction relief, and this court affirmed the post-conviction court's judgment.

On May 23, 2013, Powers filed a motion to correct erroneous sentence. Powers alleged that his sentence was erroneous on the basis that the sentence imposed on the escape with bodily injury conviction and the kidnapping conviction constitute double jeopardy. Specifically, Powers alleged that "[t]he record clearly illustrates that the sentence was erroneous in that the same act of beating Mr. Newton is used to prove both the bodily injury element of the escape and the elements of the kidnapping." Appellant's Appendix at 4.

On June 7, 2013, the State filed its response to Powers's motion to correct erroneous sentence and argued that the bodily injury element was not used to prove both crimes because while the bodily injury element raised the escape charge to a class B

felony, the kidnapping statute in 1993 was a class A felony regardless of whether or not there was any injury.

On June 20, 2013, Powers filed a reply to the State's response in which he asserted that he was not arguing that the bodily injury was used to prove the elements of kidnapping, but that the act of beating Newton was used to prove both the bodily injury enhancement of the escape and the elements of the kidnapping charge. On June 12, 2013, the court denied Powers's motion.

The issue is whether the trial court erred by denying Powers's motion. Powers points to the charging information, the probable cause affidavit, and the testimony at trial, in support of his argument that his sentence violates Indiana's prohibition against double jeopardy because the beating of Newton was used to prove the elements of kidnapping as an A felony and could not be used to prove the enhancement element of the escape charge. The State asserts that a double jeopardy claim is a challenge to the validity of a defendant's conviction and not to the validity of a sentence. The State also argues that a review of a perceived double jeopardy violation would surpass a sentencing error that is clear from the face of the judgment and would require the court to consider the charging information and proceedings during the trial. In his reply brief, Powers argues that even if the court were to decide that the motion to correct erroneous sentence was the wrong vehicle to raise the double jeopardy issue, this court has jurisdiction to review the issue *sua sponte* because double jeopardy is fundamental error.

We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An

3

abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it.  Id.

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15.  Neff v. State, 888 N.E.2d 1249, 1250-1251 (Ind. 2008).  Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void.  The sentence shall be corrected after written notice is given to the convicted person.  The convicted person and his counsel must be present when the corrected sentence is ordered.  A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In Robinson v. State, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face."  805 N.E.2d 783, 786 (Ind. 2004) (citations omitted).  The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ."  Neff, 888 N.E.2d at 1251 (citing Robinson, 805 N.E.2d at 793-794).  A motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority.  Robinson, 805 N.E.2d at 787.  Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence.  Id.  Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings."  Id. "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ."  Id.

4

Strictly construing the application of a motion to correct erroneous sentence, we must affirm the trial court's denial of Powers's motion. A determination concerning Powers's double jeopardy arguments would require resort to matters outside the face of the judgment. Such an inquiry is not allowed in cases involving a motion to correct erroneous sentence. See Robinson, 805 N.E.2d at 787 (observing that the Court in Mitchell v. State, 726 N.E.2d 1228, 1243 (Ind. 2000), reh'g denied, had addressed a double jeopardy claim presented by a motion to correct sentence, but that use of the statutory motion to correct sentence should be narrowly confined to claims apparent from the face of the sentencing judgment, and "the 'facially erroneous' prerequisite should henceforth be strictly applied, notwithstanding . . . Mitchell"). Thus, Powers's argument is not properly presented by way of a motion to correct erroneous sentence. As a result, we cannot say that the trial court abused its discretion by denying Powers's motion.

For the foregoing reasons, we affirm the denial of Powers's motion to correct erroneous sentence.

Affirmed.

ROBB, J., and BARNES, J., concur.