## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 24 2016, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brian Sawyer
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Sawyer, *Appellant-Defendant,* | March 24, 2016 |
| v. | Court of Appeals Cause No. 49A02-1504-CR-288 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Grant A. Hawkins, Judge |
| | Trial Court Cause No. 49G05-0510-FA-184250 |

**Barnes, Judge.**

# Case Summary

[1] Brian Sawyer appeals the denial of his motion to correct erroneous sentence. We affirm.

# Issue

[2] Sawyer raises one issue, which we restate as whether the trial court properly denied his motion to correct erroneous sentence.

# Facts

[3] In August 2006, Sawyer pled guilty to rape and criminal deviate conduct, Class A felonies. In September 2006, the trial court sentenced him to fifty years on each count, suspended twenty years from each count, and ordered the sentences to run consecutively. Saywer's aggregate sentence is one-hundred years with sixty years executed.[1] On April 16, 2015, Sawyer filed a motion to correct erroneous sentence. The trial court denied that motion the same day. Sawyer now appeals.

# Analysis

[4] Sawyer contends his convictions violate the Indiana Constitution's prohibition against double jeopardy. *See* Ind. Const. Art. 1, § 14. He asks us to reduce his Class A felony conviction for criminal deviate conduct to a Class B felony and "resentence him accordingly." Appellant's Br. p. 5.

---

[1] Sawyer challenged the appropriateness of his sentence on direct appeal. We affirmed. *See Sawyer v. State*, No. 49A04-0610-CR-552 (Ind. Ct. App. July 31, 2007).

[5]     Indiana Code Section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

We "defer to the trial court's factual finding" on a motion to correct erroneous sentence and "review its decision only for abuse of discretion." *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010) (quotations omitted) (citation omitted). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[6]     Sentencing errors are best presented to the trial court in a motion to correct error under Indiana Trial Rule 59 or on direct appeal. *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Thereafter, a defendant may seek relief for certain claims under the Indiana Post-Conviction Rules. *Id.* A motion to correct erroneous sentence is an alternate remedy; however, that remedy is reserved for correcting only those sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* at 787.

[7] Sawyer raises a substantive double jeopardy argument and asks us to conclude his convictions are the "same offense" pursuant to the "statutory elements" analysis detailed in *Richardson v. State* and to reduce his Class A felony conviction for criminal deviate conduct to a Class B felony. *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). He also asks us to resentence him accordingly.

[8] The abstract of judgment issued on September 1, 2006, states the crimes for which Sawyer was convicted and the sentences imposed thereon. It provides neither information regarding the statutory elements of the crimes Sawyer challenges nor the actual evidence used to convict him. Such information is crucial to a *Richardson* analysis. Sawyer's argument on appeal is precisely the sort of substantive claim that may only be raised on direct appeal or, if appropriate, in a petition for post-conviction relief. It cannot be evaluated by simply reviewing the trial court's sentencing order. Sawyer has not established that the trial court abused its discretion by denying his motion.

## Conclusion

[9] The trial court did not abuse its discretion in denying Sawyer's motion to correct erroneous sentence. We affirm.

[10] Affirmed.

Robb, J., and Altice, J., concur.