## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 03 2016, 6:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Donald Carter
Correctional Industrial Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Carter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 3, 2016

Court of Appeals Case No.
47A01-1602-CR-247

Appeal from the Lawrence
Superior Court

The Honorable William G. Sleva,
Judge

Trial Court Cause No.
47D02-1012-FB-1396

**Crone, Judge.**

## Case Summary

Donald Carter, pro se, appeals the trial court's denial of his motion to correct erroneous sentence. The sole restated issue presented for our review is whether the trial court abused its discretion in denying Carter's motion. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

On May 5, 2011, Carter pled guilty to class B felony dealing in methamphetamine. The trial court sentenced Carter to the Department of Correction for a term of twelve years. The court awarded him 224 credit days for time already served. In October 2014, Carter filed a motion for jail time credit, which was denied by the trial court. In April 2015, Carter filed a second motion for jail time credit, which was also denied by the trial court.[1]

On December 21, 2015, Carter filed a motion to correct erroneous sentence. Carter alleged that he was entitled to 381 days of credit time rather than the 224 days awarded him by the trial court. The State filed an objection to the motion and, on January 7, 2016, the trial court denied Carter's motion. This appeal ensued.

---

[1] Carter initiated an appeal of that order; however, we dismissed the appeal with prejudice.

# Discussion and Decision

Carter's motion to correct erroneous sentence was filed pursuant to Indiana Code Section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004). A motion to correct erroneous sentence is appropriate only when the sentencing error is "clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*. at 787. Sentencing claims that are not facially apparent "may be raised on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should … be strictly applied…." *Id*.

[5] We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State,* 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[6] Here, Carter has not included a copy of the trial court's sentencing order or judgment of conviction in the record on appeal. However, we can discern from the chronological case summary that he was sentenced to twelve years executed for his class B felony conviction, and was awarded 224 credit days for time served. Carter's sole claim is that he is actually entitled to 381 credit days for time served and that his plea agreement provided for an erroneous calculation of time. However, evaluation of this assertion clearly requires consideration of information beyond the mere face of the sentencing judgment. Therefore, a motion to correct erroneous sentence is an improper vehicle for Carter's claim. The trial court did not abuse its discretion in denying Carter's motion.

[7] Affirmed.

Najam, J., and Robb, J., concur.