## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2016, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael J. Williams
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 13, 2016<br><br>Court of Appeals Case No.<br>20A05-1512-CR-2344<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Evan S. Roberts, Judge<br><br>Trial Court Cause No.<br>20D01-1401-FB-9 |

**Robb, Judge.**

# Case Summary and Issue

On April 27, 2015, Michael Williams pleaded guilty to unlawful possession of a firearm by a serious violent felon, a Class B felony, and possession of marijuana, a Class D felony, pursuant to a plea agreement providing for a sentence capped at sixteen years executed. The trial court accepted the plea agreement, entered judgment of conviction, and sentenced Williams to twenty years in the Indiana Department of Correction, with six years suspended to probation. Williams then filed a motion to correct erroneous sentence, which the trial court denied. He now pro se appeals the trial court's denial of his motion, raising a single issue for our review, which we restate as whether the trial court abused its discretion in denying his motion to correct an erroneous sentence. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

On January 13, 2014, law enforcement attempted to stop a vehicle driven by Williams. Williams refused to pull over and a chase ensued. During the pursuit, Williams threw a bag of marijuana out of the vehicle's window. Once the chase ended, law enforcement discovered a loaded shotgun in the vehicle.

The State charged Williams with unlawful possession of a firearm by a serious violent felon, a Class B felony ("Count I"); resisting law enforcement, a Class D felony; possession of a controlled substance, a Class D felony; and possession of marijuana, a Class D felony ("Count IV"). Thereafter, Williams agreed to

plead guilty to Counts I and IV in exchange for the State dismissing the remaining charges. Specifically, the terms and conditions of the agreement provided Williams would serve "sixteen year executed cap . . . suspend two" on Count I. Appellant's Appendix at 14. As to Count IV, the agreement provided Williams would serve an executed term of three years, to be served concurrently with Count I. The plea agreement also provided, "[B]y pleading guilty under this agreement, [Williams] knowingly, intelligently, and voluntarily waives his right to challenge the sentence on the basis that it is erroneous . . . ." *Id*. at 17.

[4] At the change of plea hearing, Williams entered a guilty plea and the trial court took the matter under advisement. On July 20, 2015, the trial court sentenced Williams to twenty years in the Department of Correction on Count I, with fourteen years executed and six years suspended to probation. As to Count IV, the trial court sentenced Williams to three years in the Department of Correction, to be served concurrently with Count I.

[5] On November 23, 2015, Williams filed a pro se motion to correct erroneous sentence, arguing his sentence exceeded the cap set forth in the plea agreement. The trial court denied Williams' motion and this appeal ensued.

# Discussion and Decision

[6] Williams argues the trial court abused its discretion in sentencing him in excess of the cap agreed to in the plea agreement. The State counters the trial court

properly denied his motion because a motion to correct erroneous sentence is an improper vehicle to raise such an argument. We agree with the State.

[7] We review a decision on a motion to correct erroneous sentence for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[8] Indiana Code section 35-38-1-15 provides,

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation omitted). A motion to correct erroneous sentence is appropriate only when the sentencing error is "clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* at 787. Sentencing claims not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus

be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.*

[9] Here, Williams argues the plea agreement provided he would serve a maximum of sixteen years executed and two years of probation, totaling eighteen years.[1] Therefore, he contends the trial court sentenced him in excess of the cap when it sentenced him to fourteen years executed and six years of probation, totaling twenty years. Although we note there may be some merit to Williams' argument, the State is correct in asserting Williams' argument is a request for us to consider information, i.e. the plea agreement, beyond the face of the sentencing order.[2] Therefore, a motion to correct erroneous sentence is an improper vehicle for Williams' claim and such a claim is properly asserted on direct appeal or in post-conviction proceedings.[3] We conclude the trial court

---

[1] We note the State and Williams differ in their interpretation of the language in the plea agreement.

[2] The State also argues Williams has waived this claim because, by entering into the plea agreement, Williams understood he could not seek an appeal on the basis his sentence is erroneous. Although not necessary for the purposes of this appeal, we express concern that such a provision could bar a defendant from seeking relief from a legally erroneous sentence. As noted above, a motion to correct erroneous sentence allows courts to examine only the face of the sentencing order for obvious error. We are therefore hard pressed to believe a defendant can consciously waive such a claim where the sentencing order, without any fault attributed to the defendant, may contain a prejudicial defect of which the defendant would be unaware when entering the plea agreement.

[3] Williams also argues the trial court erred in imposing costs, fees, fines, and certain conditions of probation because they were not a part of the plea agreement. We note the trial court entered its final judgment sentencing Williams on July 20, 2015. Williams did not directly appeal this final judgment or file a motion to correct error within thirty days. *See Dillman v. State*, 16 N.E.3d 445, 447 (Ind. Ct. App. 2014) (noting a defendant who challenges the imposition of fees and costs was required to file either a motion to correct error or a notice of appeal within thirty days pursuant to Indiana Appellate Rule 9 in order to preserve the claim on appeal). In addition, we are not persuaded Williams could revive the claim in a motion to correct erroneous

did not abuse its discretion in denying Williams' motion to correct erroneous sentence.

## Conclusion

[10] The trial court did not abuse its discretion in denying Williams' motion to correct erroneous sentence. Accordingly, we affirm.

[11] Affirmed.

Mathias, J., and Brown, J., concur.

---

sentence. Even assuming, however, Williams could revive his claim, Williams did not raise this claim in his motion. For these reasons, Williams' argument fails.