## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2016, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael D. Hickingbottom
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael D. Hickingbottom,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 19, 2016

Court of Appeals Case No.
45A05-1606-CR-1362

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No.
45G02-0108-CF-178

**Barnes, Judge.**

# Summary

[1] Michael Hickingbottom appeals the denial of his motion to correct erroneous sentence. We affirm.

# Issue

[2] Hickingbottom presents two issues for review, which we consolidate and restate as whether the trial court abused its discretion by denying his motion to correct erroneous sentence.

# Facts

[3] In October 2004, at his third trial, a jury convicted Hickingbottom of murder. *Hickingbottom v. State*, No. 45A05-0705-PC-243 (Ind. Ct. App. July 11, 2008), *trans. denied*. The trial court sentenced Hickingbottom to sixty years of imprisonment. On direct appeal, this court affirmed Hickingbottom's conviction. *Id.* Hickingbottom then sought post-conviction relief. *Id.* He alleged that he received ineffective assistance of trial counsel. *Id.* Following a hearing, the post-conviction court denied Hickingbottom's petition. *Id.* On appeal, this court affirmed the trial court's denial of Hickingbottom's petition. *Id.* In May 2016, Hickingbottom filed a "Motion to Correct Erroneous Sentence and Claims of Fundamental Error." App. p. 18. The trial court denied the motion without a hearing on May 11, 2016. Hickingbottom now appeals.

# Analysis

Hickingbottom contends the trial court erred by denying his motion to correct erroneous sentence.

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15.  "When we review the court's decision on a motion to correct erroneous sentence, we defer to the trial court's factual finding and review its decision only for abuse of discretion." *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010) (quotations omitted) (citations omitted).  Our supreme court has "repeatedly cautioned" that a motion to correct erroneous sentence is "only appropriate when the sentence is erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004) (quotation omitted) (citation omitted).

Hickingbottom does not contend the sentencing statement contains a facial error.  Instead, he raises substantive issues, including a constitutional sentencing argument, allegations of fundamental error, and a claim of ineffective assistance of counsel.  These are not the sort of issues the motion to correct erroneous sentence and a trial court's ruling thereon are permitted to address.  "[T]he statutory motion to correct sentence should [] be narrowly confined to claims apparent from the face of the sentencing judgment." *Id.* at

787. Because Hickingbottom raises issues beyond the confines of that which a trial court may consider, the trial court did not abuse its discretion by denying Hickingbottom's motion.

## Conclusion

[6] The trial court did not abuse its discretion when it denied Hickingbottom's motion to correct erroneous sentence. We affirm.

[7] Affirmed.

Kirsch, J., and Robb, J., concur.