## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 21 2017, 5:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Bruce Morgan
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Indianapolis, Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bruce Morgan,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 21, 2017

Court of Appeals Case No.
35A02-1608-CR-1864

Appeal from the Huntington
Circuit Court

The Honorable Thomas M. Hakes,
Judge

Trial Court Cause No.
35C01-0711-FB-78

**Barnes, Judge.**

# Case Summary

[1] Bruce Morgan appeals the denial of his motion to correct erroneous sentence. We affirm.

# Issue

[2] Morgan presents one issue for our review, which we restate as whether the trial court abused its discretion by denying Morgan's motion to correct erroneous sentence.

# Facts

[3] In February 2004, Morgan pled guilty to nine counts of burglary—eight Class B felonies and one Class C felony. The plea agreement capped Morgan's executed sentence for each count at twelve and one-half years, and the parties agreed the sentences for Counts 4 through 9 (five Class B felonies and the Class C felony) would run concurrently. Morgan and the State otherwise did not make an agreement regarding concurrent or consecutive sentencing. Pursuant to the plea agreement, Morgan waived his right to appeal his sentence.

[4] On Counts 1 through 8, the trial court sentenced Morgan to serve eighteen years with five and one-half years suspended for each count. On Count 9, the trial court sentenced Morgan to seven years. The trial court ordered Morgan to serve his sentences on Counts 1, 2, and 3 consecutively and Counts 4 through 9 concurrently. Morgan was ordered to serve his sentences on Counts 4 through 9 consecutive to Counts 1 through 3. Morgan's executed sentence was fifty years. Morgan appealed his sentence. This Court concluded Morgan explicitly

waived his right to appellate review of his sentence and affirmed that sentence. *Morgan v. State*, No. 35A02-0804-CR-350 (Ind. Ct. App. Sept. 26, 2008), *trans. denied*. On July 21, 2016, Morgan filed a Motion to Correct Erroneous Sentence. The trial court denied that motion, and Morgan now appeals.

## Analysis

Morgan argues the trial court erred by denying his motion to correct erroneous sentence.

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15. "When we review the court's decision on a motion to correct erroneous sentence, we defer to the trial court's factual finding and review its decision only for abuse of discretion." *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010) (quotations omitted) (citations omitted). Our supreme court has "repeatedly cautioned" that a motion to correct erroneous sentence is "only appropriate when the sentence is erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004) (quotation omitted) (citation omitted).

Morgan does not contend the sentencing order contains a facial error. Instead he argues that his sentence violates the terms of his plea agreement. This is not the sort of issue the motion to correct erroneous sentence and a trial court's

ruling thereon are permitted to address. "[T]he statutory motion to correct sentence should [] be narrowly confined to claims apparent from the face of the sentencing judgment." *Id.* at 787. Because Morgan raises an issue beyond the confines of that which a trial court may consider, the trial court did not abuse its discretion by denying his motion.

## Conclusion

[7] The trial court did not abuse its discretion when it denied Morgan's motion to correct erroneous sentence. We affirm.

[8] Affirmed.

Kirsch, J., and Robb, J., concur.