## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Jan 05 2018, 8:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Chupp
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Chupp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 5, 2018

Court of Appeals Case No.
49A02-1707-CR-1463

Appeal from the Marion Superior
Court.
The Honorable Sheila A. Carlisle,
Judge.
Trial Court Cause No.
CR82-81A

**Barteau, Senior Judge**

## Statement of the Case

John Chupp, pro se, appeals the trial court's denial of his motion to correct
erroneous sentence. We affirm.

# Issue

The sole issue Chupp presents (restated) is whether the trial court erred in denying his motion to correct erroneous sentence.

# Facts and Procedural History

The underlying facts of this case, taken from our Supreme Court's decision in Chupp's direct appeal, are as follows:

> [T]he evidence showed that L.M., a 72-year-old widow, was awakened around 11:30 p.m. on July 10, 1982 by three men who crashed through her bedroom door. They demanded to know where her money was kept, and she told them it was downstairs. One of the men found her purse but it contained only thirty-one dollars. To force her to reveal the location of the rest of her money, one of the men burned her hand with [a] cigarette lighter. L.M. tried to explain that she had just returned from vacation and that [thirty-one] dollars was all she had. One of the men directed the other two to ransack the house. The remaining man raped L.M. and then one of the men sodomized her.
>
> The men bound and gagged L.M. and finished searching the house. The victim was not found until noon the following day when her son-in-law discovered her. An ambulance transported her to a hospital where a medical examination revealed that L.M. had suffered bruises, lacerations, blisters, and swelling. She lost her purse with thirty-one dollars, her lock box containing personal papers and silver coins, and her maroon car.

*Chupp v. State*, 509 N.E.2d 835, 836 (Ind. 1987). Chupp was identified as one of the perpetrators. *Id*. at 836-37.

[4]     On July 10, 1982, the State charged Chupp with Class A felony burglary, two counts of Class A felony rape, two counts of Class A felony criminal deviate conduct, Class A felony robbery, and Class B felony criminal confinement. *See Chupp v. State*, No. 49A05-1206-CR-328, slip op. at 1 (Ind. Ct. App. December 20, 2012), *trans. denied*. Following a jury trial, on September 24, 1982, Chupp was found guilty of Class A felony burglary, Class A felony robbery, and Class B felony criminal confinement. *Id*.

[5]     Additional procedural history follows, as set forth in this Court's opinion that affirmed the denial of Chupp's first motion to correct erroneous sentence:

> The trial court sentenced Chupp to concurrent fifty-year sentences for each Class A felony and to twenty years for the Class B felony, to run consecutive to the Class A felonies, for an aggregate sentence of seventy years. After pursuing a direct appeal, Chupp's convictions and sentences were affirmed by our supreme court. *See* [*Chupp v. State*, 509 N.E.2d 835, 840 (Ind. 1987)].
>
> On two separate occasions, Chupp filed a petition for post-conviction relief, each of which was withdrawn without prejudice. On April 24, 2007, Chupp filed a third petition for post-conviction relief, asserting newly discovered evidence and claiming that his sentence was erroneous because the robbery and burglary convictions were enhanced based on the same injuries. The post-conviction court denied his petition. On appeal, we denied most of Chupp's claims but concluded that the elevation of both the burglary and robbery count to Class A felonies was based on the same injuries and thus violated the principles of double jeopardy. *See Chupp v. State*, 933 N.E.2d 586, *5 (Ind. Ct. App. 2010) (unpublished opinion). We vacated Chupp's conviction for robbery as a Class A felony and directed the post-conviction court to enter judgment on the robbery conviction as a

Class C felony and to resentence him accordingly. *See id.* at \*10. On January 20, 2011, the trial court modified Chupp's Class A felony robbery conviction to a Class C felony, vacated the fifty year sentence and imposed an eight year sentence to run concurrent to the fifty year sentence of the Class A burglary conviction, and consecutive to the twenty year sentence for the Class B felony criminal confinement, for an aggregate sentence of seventy years.

On June 13, 2012, Chupp filed a motion to correct erroneous sentence, alleging that his conviction for both robbery, a Class C felony, and criminal confinement, a Class B felony, violated the double jeopardy doctrine. The trial court denied Chupp's motion on the same day.

*Chupp*, No. 49A05-1206-CR-328, slip op. at 1-2. On December 20, 2012, this Court affirmed the trial court's denial of Chupp's motion to correct erroneous sentence. *Id.* at 3.

[6] On August 13, 2014, Chupp filed another motion to correct erroneous sentence, and a memorandum in support, in which he attempted to challenge the trial court's imposition of consecutive terms of imprisonment. *See Chupp v. State*, No. 49A02-1408-CR-579, slip op. at 1. (Ind. Ct. App. March 9, 2015). The trial court denied Chupp's motion the same day. *Id.* This Court affirmed the trial court's denial of the motion on March 9, 2015. *Id.*

[7] On June 22, 2017, Chupp filed another motion to correct erroneous sentence, this time arguing that the sentencing judgment is erroneous on its face because it does not specify the amount of "good time" credit awarded with regard to

pretrial incarceration. *See* Appellant's Br. p. 8. The trial court denied the motion on June 24, 2017. Chupp appeals.

# Discussion and Decision

[8] Chupp challenges his sentence by way of a motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* "[A] motion to correct sentence is available only to correct sentencing errors clear from the face of the judgment[.]" *Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004).

[9] Chupp claims, essentially, that the trial court failed to comply with Indiana Code section 35-38-3-2 (1983), which required the trial court's sentencing judgment to include "the amount of credit, including credit time earned, for time spent in confinement before sentencing."[1] According to Chupp, the commitment order failed to separately include designation of both time served and the amount of credit time he earned.

[10] In *Robinson*, our Supreme Court held:

---

[1] This language previously was codified under Indiana Code section 35-4.1-5-1 (Burns 1982 Supp.) (repealed by P.L. 311-1983, Sec. 49), which related to certification of a judgment of conviction and the sentence as well as the contents of the judgment.

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days. . . . Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.

*Robinson*, 805 N.E.2d at 792 (footnote omitted).

[11] Here, the trial court's sentencing judgment, the October 22, 1982 custody of commitment order, indicated in relevant part that Chupp was to be given "credit towards service of his sentence for 100 days spent in confinement . . . and . . . said credit of days [was to] be considered in assessing credit for [good-time] conduct, as provided by law." Appellant's Supp. App. Vol. 2, p. 2.[2] Applying the presumption set forth in *Robinson*, Chupp's commitment order was understood to award him one hundred days credit for time spent in pretrial confinement plus one hundred days of credit time. His commitment order was, thus, corrected. The trial court properly denied Chupp's motion to correct erroneous sentence.

---

[2] In their respective briefs, both parties cite to an appendix that purports to be at least thirty-one pages in length. However, the only appendix that has been filed in this case is Chupp's supplemental appendix that is four pages in length.

# Conclusion

[12] For the reasons stated, we find that the trial court properly denied Chupp's motion to correct erroneous sentence.

[13] Affirmed.

Vaidik, C.J., and Robb, J., concur.